

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

August 7, 1952

Hon. Dudley Brummett       Opinion No. V-1499
County Attorney
Lubbock County             Re: Authority of the board of
Lubbock, Texas                 directors of an underground
                               water conservation district
                               to require assessment and
                               collection of its taxes by
                               the County Tax Assessor-
Dear Sir:                      Collector.

     You have requested an opinion on the following question:

     "Is the Tax Assessor-Collector of a
county located within an Underground Water
Conservation District required to assess
and collect taxes for the District on the
property located within this county?"

     Article 7880-3c, V.C.S., under which underground water conservation districts are organized, was enacted in 1949 as an additional section to Chapter 25, Acts 39th Leg., R.S. 1925; p. 86 (Art. 7880-1 et seq., V.C.S.), which provides for the creation and administration of water control and improvement districts. Article 7880-3c does not contain a specific provision as to the method of assessing and collecting taxes levied by underground water conservation districts, but Subdivision B of this article provides:

     "Districts may hereafter be created
for the conservation, preservation, pro-
tection, and recharging and the prevention
of waste of the underground water of an
underground water reservoir or subdivision
thereof, defined and designated in accordance
with the provisions of Subsection C of this
Section 3c. To accomplish these purposes
pursuant to Section 59a, b, and c, of Ar-
ticle XVI of the Constitution of Texas, the
administrative and procedural provisions as
now or hereafter contained in Chapter 25,
Acts of the Regular Session of the Thirty-

ninth Legislature of the State of Texas,
1925, as amended, shall apply in so far as
applicable to such Districts, but such
Districts shall not be organized for any
purposes except those set forth in this
Section 3c." (Emphasis ours.)

Chapter 25, supra, is the only statute author-
izing the creation of water control and improvement dis-
tricts, and since its enactment in 1925 it has remained
the basic statute regulating their operation. Section
54 of Chapter 25 (Art. 7880-54) provides for assessment
and collection of taxes through an assessor-collector
appointed by the district board of directors. Section
33, as amended in 1935 (Art. 7880-33), provides for as-
sessment and collection through county tax assessor-
collectors pursuant to contracts between the district
and the county commissioners' courts. These provisions
were in effect at the time of the enactment of Article
7880-3c in 1949. In 1951, the Legislature passed an
Act (Acts 52nd Leg., 1951, ch. 218, p. 348, codified as
Art. 7880-74a, V.C.S.) which requires county tax asses-
sor-collectors to perform these services for water con-
trol and improvement districts when the district board
of directors adopts a resolution to have the district
taxes assessed and collected in this manner. Article
7880-74a was not enacted as a formal amendment to Chapter
25, but unquestionably it is germane to the subject
matter of Chapter 25 and could properly have been enacted
as an amendment thereto. Indeed, the effect of the 1951
act is to amend the former law relating to water control
and improvement districts by adding a new procedure for
assessment and collection of their taxes. Section 1 of
Article 7880-74a provides:

"Instead of proceeding for the assess-
ment, equalization, and collection of taxes
in the manner elsewhere provided by Statute,
when a majority of the Board of Directors of
a Water Control and Improvement District,
which assess all of its taxes on an ad
valorem basis, adopts a resolution to have
the taxes on their District assessed and
collected by the County assessor and collec-
tor, or by the city assessor and collector
of an incorporated city or town in the limits
of which the Water District is located, same
shall be assessed and collected by said
county or city officers, as may be determined

by the Board of Directors of said Water Dis-
trict, and turned over to the treasurer of
the Water District for which such taxes have
been collected."

As we have seen, underground water conservation
districts must look to provisions relating to assessment
and collection of taxes "as now or hereafter contained
in Chapter 25, . . . as amended" to determine the manner
in which their taxes may be assessed and collected.
There is no question of the validity of "reference" pro-
visions of this nature. Trimmier v. Carlton, 116 Tex.
572, 296 S.W. 1070 (1927). The only problem is to
determine what the Legislature intended by the above-
quoted provision. If the Legislature intended that
only those future provisions which were formally enacted
as a part of Chapter 25 were to apply to underground
water conservation districts, then the provisions of
Article 7880-74a are not available to these districts.
However, in our opinion the Legislature did not intend
to make the applicability of future statutes depend on
whether they were enacted as formal amendments of Chapter
25. We think the Legislature intended that future legis-
lation regulating administrative and procedural affairs
of water control and improvement districts which were
organized under Section 25 should likewise be available
to underground water conservation districts "in so far as
applicable to such districts," even though it was not
enacted as a formal amendment to Chapter 25.

Since Article 7880-74a provides for an addi-
tional method of assessment and collecting taxes for
water control and improvement districts, it is our
opinion that it constitutes an amendment to Acts 39th
Leg., R.S. 1925, ch. 25, p. 86, within the meaning of
subdivision B, Article 7880-3c. Therefore, its provi-
sions are applicable to underground water conservation
districts. It is our further opinion that when the
governing board of such district adopts a resolution to
that effect, Article 7880-74a makes it the mandatory
duty of the county tax assessor and collector to assess
and collect taxes for the district.

## SUMMARY

The board of directors of an under-
ground water conservation district has the
authority to require assessment and col-

lection of its taxes by the county tax assessor-collector pursuant to the provisions of Article 7880-74a, V.C.S.

Yours very truly,

APPROVED:

PRICE DANIEL
Attorney General

J. C. Davis, Jr.
County Affairs Division

Mary K. Wall
Reviewing Assistant

By John Reeves
John Reeves
Assistant

Charles D. Mathews
First Assistant

JR:am